**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4313**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

PEDRO GARCIA SIFUENTES,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Robert J. Conrad, Jr., Chief District Judge.  (3:11-cr-00109-RJC-DCK-1)

———————

Submitted:  December 20, 2012          Decided:  January 8, 2013

———————

Before AGEE, DAVIS, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

John J. Cacheris, LAW OFFICE OF JOHN J. CACHERIS, P.C., Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pedro Garcia Sifuentes appeals his conviction and aggregate seventy-four-month downward variant sentence for possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) (2006), and for possessing a firearm as an undocumented alien, in violation of 18 U.S.C. § 922(g)(5) (2006). Sifuentes' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he could identify no meritorious issues for appeal, but questioning (1) whether Sifuentes was denied effective assistance of counsel with respect to the application to his § 922(g)(5) sentence of a cross-reference under U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(c)(1)(A), and (2) whether the Government breached the plea agreement when it declined to make a substantial assistance motion on Sifuentes' behalf.

As counsel recognizes, neither of the claims raised by Sifuentes entitles him to relief. Sifuentes' ineffective assistance claim suffers from the obvious defect that it fails to identify how his trial counsel performed deficiently. His trial counsel did, after all, challenge the application of the cross-reference before the district court. The mere fact that counsel failed to convince the district court that his position was correct does not "conclusively establish[ ]" ineffective

2

assistance, and we therefore decline to review Sifuentes' claim on direct appeal. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Sifuentes is similarly incorrect in claiming that the Government breached the plea agreement when it did not move for a downward departure based on substantial assistance, as the record suggests no reason to surmise that the Government acted in bad faith or with an unconstitutional motive in declining to file a substantial assistance motion. See United States v. Snow, 234 F.3d 187, 191 (4th Cir. 2000).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Sifuentes, in writing, of the right to petition the Supreme Court of the United States for further review. If Sifuentes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sifuentes. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3